## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAFAEL VARGAS, | ) Case No. |
| | ) |
| Plaintiff, | ) PLAINTIFF RAFAEL VARGAS'S |
| | ) COMPLAINT AND DEMAND FOR |
| – vs – | ) JURY TRIAL |
| | ) |
| REAL TIME RESOLUTIONS, INC. and | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, RAFAEL VARGAS ("Plaintiff"), through his attorney, hereby alleges the following against Defendant, REAL TIME RESOLUTIONS, INC. ("REAL TIME") and Defendant, EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") (collectively "Defendants"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in the city of Providence, County of Providence, Rhode Island and is otherwise *sui juris*. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant REAL TIME is a debt collection company conducting business in the state of Rhode Island and is headquartered in Dallas, Texas.

PLAINTIFF'S COMPLAINT

4. Defendant REAL TIME is a debt collector as defined by 15 U.S.C. § 1692(a)(6) and sought to collect a consumer debt from Plaintiff.

5. On information and belief, Defendant REAL TIME is a person who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" regarding its transactions or experiences with "consumers".

6. On information and belief, this includes consumer reporting agencies such as Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion") and Defendant EQUIFAX.

7. Defendant EQUIFAX is a limited liability corporation conducting business in the state of New Jersey and is headquartered in Atlanta, Georgia.

8. Although Experian and Transunion are not parties to this lawsuit, they are, along with Defendant EQUIFAX, notwithstanding, nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

9. Experian, TransUnion, and Defendant EQUIFAX regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogrees, representatives, and insurers.

**Jurisdiction and Venue**

11. Defendants conduct business in Rhode Island and therefore personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

12. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692(k)(d), which state that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

13. Venue is proper in the United States District Court District of Rhode Island pursuant to 28 U.S.C § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations**

14. On or around November 29, 2018, Plaintiff and Defendant REAL TIME agreed to settle an outstanding debt owed by Plaintiff to Defendant REAL TIME on an account ending in -3387 (the "Account").

15. This agreement was memorialized in writing and detailed the terms of the agreement, including the payment schedule, which Plaintiff timely observed.

16. On or around November 28, 2019, Plaintiff satisfied the settlement terms by making the final settlement payment agreed to by Defendant REAL TIME, thereby resulting in a zero-balance owed to Defendant REAL TIME on the Account.

17. However, despite Plaintiff's performance under the terms of the agreement, Defendant REAL TIME reported incorrect information to the CRAs. Specifically, despite completing the terms of the agreement, Defendant REAL TIME reported to the CRA's that the payment status was "At least 120 days or more than four payments past due". Further, Defendant REAL TIME reported that Plaintiff's account is an "INSTALLMENT" account. Both pieces of information are incorrect and fail to properly identify the status or nature of the Account.

PLAINTIFF'S COMPLAINT

18. On or around November 13, 2019, Plaintiff informed Defendant EQUIFAX, via letter, of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant REAL TIME. Despite this initial letter, incorrect information continued to be reported.

19. On or around December 29, 2019, Plaintiff sent a second dispute letter to Defendant EQUIFAX, requesting Defendant EQUIFAX investigate the status of Plaintiff's Account with Defendant REAL TIME.

20. As of February 12, 2020, the incorrect information continues to be reported on Plaintiff's credit report. Specifically, Defendant EQUIFAX continued to report the information listed in ¶ 15. This information is incorrect and does not accurately portray the nature or status of the Account, which was resolved via Plaintiff's performance of the negotiated settlement terms in November 2019.

21. On information and belief, Defendant EQUIFAX, pursuant to its responsibility in 15 U.S.C. § 1681i, notified Defendant REAL TIME of the disputed accuracy of the information they provided concerning Plaintiff.

22. Upon being notified by Defendant EQUIFAX, Defendant REAL TIME was required, pursuant to 15 U.S.C. § 1681s(2)(b), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRA; (C) report the results of the investigation to the CRA; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which Defendant previously provided information.

23. Therefore, Defendant REAL TIME being notified of the reporting of incorrect information, subsequently and willingly failed to conduct a genuine investigation into

PLAINTIFF'S COMPLAINT

Plaintiff's disputes, review all relevant information provided to it, and report the results to the CRAs to which it provided said information. If Defendant REAL TIME would have complied with its statutory duties, a proper account status would have been reported to all CRAs, including Defendant EQUIFAX and Plaintiff's credit report would be accurate.

24. Further, Defendant REAL TIME is using false, deceptive and misleading means in connection with attempting to collect a debt by misrepresenting the character and legal status of the Account by communicating credit information to third parties which it knows or should know to be false.

25. In addition, upon being notified by Plaintiff of inaccurate information, Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(b), was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. If Defendant EQUIFAX would have complied with its statutory duties, incorrect information concerning Plaintiff would not have been reported despite multiple notices.

26. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

**FIRST CAUSE OF ACTION**

**DEFENDANT REAL TIME VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.***

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. Defendant REAL TIME's violations of the FDCPA include, but are not limited to, the following:

PLAINTIFF'S COMPLAINT

a. Defendant violated *§1692*(e) of the FDCPA by using false, deceptive, or misleading means in connection with the collection of the Account;

b. Defendant violated *§1692(e)(2)(A)* of the FDCPA by falsely representing the legal status of the debt; and

c. Defendant violated *§1692(e)(8)* of the FDCPA by reporting false credit information to consumer reporting agencies when it knew or should have known such information was false.

## SECOND CAUSE OF ACTION

## DEFENDANT REAL TIME VIOLATED THE FCRA *15 U.S.C. § 1681s(2)(b)*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

30. Defendant REAL TIME's violations of the FCRA include, but are not limited to, the following:

a. Defendant violated *§1681s(2)(b)(A)* of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

b. Defendant violated *§1692s(2)(b)(B)* of the FCRA by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i; and

c. Defendant violated *§1692s(2)(b)(C) and (D)* of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate.

## THIRD CAUSE OF ACTION

## DEFENDANT EQUIFAX VIOLATED THE FCRA *15 U.S.C. § 1681e(b)*

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

27. Defendant EQUIFAX's violations include, but are not limited to, the following:

a. Defendant violated *§1681e(b)* of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for the following:

### FIRST CAUSE OF ACTION

31. Actual and compensatory damages according to proof at time of trial;

32. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k);

33. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692(k); and

34. Awarding such other and further relief as may be just, proper, and equitable.

### SECOND CAUSE OF ACTION

35. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

36. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(2);

37. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

38. Awarding such other and further relief as may be just, proper and equitable.

### THIRD CAUSE OF ACTION

39. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

40. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(2);

41. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

PLAINTIFF'S COMPLAINT

42. Awarding such other and further relief as may be just, proper and equitable.

## **JURY TRIAL DEMAND**

43. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,


Dated: April 21, 2020                     By:*/s/ Daniel Ruggiero*
                                          Daniel Ruggiero
                                          The Law Offices of Daniel Ruggiero
                                          275 Grove St., Suite 2-400
                                          Newton, MA 02466
                                          P: (339) 237-0343
                                          E: DRuggieroEsq@gmail.com
                                          Attorney for Plaintiff

PLAINTIFF'S COMPLAINT